UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICE PERRY,

    Plaintiff(s),

v.

UNITED STATES OF AMERICA,[1]

    Defendant(s).

NO. C06-1102P

ORDER DENYING UNITED STATES' MOTION TO DISMISS

The above-entitled Court, having received and reviewed:

1. United States' Motion to Dismiss (Fed.R.Civ.P. 12(b)(1))

2. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss

3. United States' Reply re: Motion to Dismiss

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED.

**Background**

On December 29, 2003, Plaintiff's vehicle was rear-ended by a USPS truck. Five months later, Plaintiff's insurer, Farmers Insurance Company ("Farmers"), notified the USPS of its right to recover amounts which it had paid out for Plaintiff's treatment. The government responded by informing Farmers that it must file an SF 95 claim form.

---

[1] Although Plaintiff names the United States and the United States Postal Service ("USPS") as defendants in her complaint, the USPS (as an agency of the United States of America) cannot be sued under its own name. 28 U.S.C. § 2679(a). "[A]ny civil action or proceeding commenced upon such a claim in a United States district court shall be deemed an action against the United States under the provisions of this title. . . and the United States shall be substituted as party defendant."

**ORD ON MTN TO DISMISS - 1**

1      By May 12, 2004, Farmers had submitted the SF 95 claim form.  Pltf. Response, Decl. of

2 Moffett, Exh. 5.  On June 1, 2004, the USPS responded, indicating that the claim as filed was invalid

3 because it failed to specify a sum certain and had not been signed.  Moffett Decl., Exh. 6.  Although

4 Farmers did not submit a copy of the corrected claim form, they did attach a confirmation from the

5 USPS dated October 12, 2004 which acknowledged receipt of the claim.  Moffett Decl., Exh. 8.

6      On December 7, 2004, a representative of Farmers faxed a message to the USPS, advising

7 them that "we are not going to pursue the claim that I opened for our insured Patrice Perry with the

8 US Postal Service.  Mr. Johanson, our insured's attorney, is going to represent Farmers interest on the

9 property damage and Pip that we paid out for Patrice Perry."  Moffett Decl., Exh. 9.  There is no

10 indication that the USPS either responded to this communication or made any final disposition

11 regarding the SF 95 claim which it acknowledged receiving in October 2004.

12      On April 4, 2006, Plaintiff submitted a letter with a subject heading "FOR SETTLEMENT

13 PURPOSES ONLY" to the USPS requesting reimbursement for her medical expenses and other costs

14 associated with the 2004 accident.  The USPS responded in May 2006 with a "denial of claim" letter,

15 which stated that Plaintiff's claim could not be considered because it was untimely.  Plaintiff's attorney

16 requested (by letter dated May 8, 2006) a reconsideration of that denial, which the government agency

17 also rejected.  This lawsuit followed.

18 **Discussion**

19      The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, is a limited waiver

20 of the traditional sovereign immunity of the U.S. government.  A prerequisite of filing a tort claim

21 pursuant to the statute is the presentment, within two years of accrual, of an administrative claim to

22 the agency.  "A tort claim against the United States shall be forever barred unless it is presented in

23 writing to the appropriate Federal agency within two years after such claim accrued."  28 U.S.C. §

24 2401(b).  This is a non-waivable condition on the government's waiver of immunity and upon the

25

26 **ORD ON MTN
TO DISMISS  - 2**

jurisdiction of this Court.  U.S. v. Kubrick, 444 U.S. 111, 117 (1979); McGraw v. U.S., 281 F.3d 997, 1001 (9th Cir. 2002), opinion amended and rehearing denied, 298 F.3d 754 (9th Cir. 2002).

The FTCA also permits the filing of joint claims: "A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly." 28 C.F.R. § 14.3(d).  The claim filed by Farmers was sufficient to put the government on notice that insurer and insured were filing jointly.  The USPS clearly knew that Farmers was making a claim on their behalf, as the agency responded to the insurance company to advise them that their initial SF 95 claim form was not properly filled out.  The form contains the name of the insured plaintiff and her address; the name, address and phone number of her attorney; the fact of her insurance and the amount of her claim (although not, initially, the total amount of her claim, an oversight which was apparently rectified).

Other courts have found this amount of information sufficient to comprise notice of a joint claim under the FTCA.  See Sky Harbor Air Service, Inc. v. U.S., 348 F.Supp. 594, 596 (D.Neb. 1972); Nicholson Air Service, Inc. v. U.S., 686 F.Supp. 538, 539 (D.Md. 1988).  Additionally, the Court finds that the fax sent by Farmers to the USPS in December of 2004 constituted further notice to the agency that the claim had been filed jointly on behalf of the insurance company and the plaintiff.

> This fax is indicating that we are not going to pursue *the claim that I opened for our insured Patrice Perry* with the US Postal Service.  Mr. Johanson, our insured's attorney, is going to represent Farmers interest on the property damage and Pip [*sic*] that we paid out for Patrice Perry.  (emphasis supplied)

Moffett Decl., Exh. 9.  The only rational reading of this communication is that the insurance company originally opened the claim for themselves and "[their] insured, Patrice Perry," that the insurance company was withdrawing their representation and that Plaintiff's attorney, Jim Johanson (who was identified on the SF 95 form) would continue to represent the interests of both his client and the insurance company.  The USPS was on notice that a joint claim had been filed.

**ORD ON MTN**
**TO DISMISS  - 3**

There is no question that this claim was filed within two years from the accrual of the cause, therefore 28 U.S.C. § 2401(b) will not act to bar Plaintiff's action in this court. Plaintiff claims that the USPS took no action on the timely-filed claim; the government has presented no evidence to the contrary. 28 U.S.C. § 2675(a) states that "the failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

This Court joins the other jurisdictions which have found that an agency's failure to dispose of a claim within six months permits considerable latitude on the part of the claimant in determining when to file an FTCA action. *See* McCallister v. U.S. By and Through U.S. Dept. Of Agriculture, Farmers Home Admin., 925 F.2d 841 843 (5th Cir. 1991) ("In this case, the government now concedes. . . that 'there is no time limit for the filing of an FTCA action when an administrative claim is deemed to be denied under 28 U.S.C. § 2675(a) (1988) by virtue of an agency's failure to finally dispose of the claim within six months,'" *citing* Taumby v. United States, 919 F.2d 69, *vacating* 902 F.2d 1362 (8th Cir.1990)).

Nor is the Court persuaded by the government's argument that the letter from Plaintiff's counsel dated April 4, 2006 represents an administrative claim filed outside the two-year limitations period. The April 2006 request is not filed on an SF 95 claim form (which the agency had demanded two years prior upon receipt of Farmers' claim) and is clearly marked "FOR SETTLEMENT PURPOSES ONLY." There is nothing about it to suggest that it is other than what Plaintiff claims it is: an offer to negotiate a settlement prior to the filing of a lawsuit.

**Conclusion**

Plaintiff and her insurance company submitted a joint administrative claim which satisfied the requirements of the FTCA, both in content and in timeliness. The government's motion to dismiss pursuant to FRCP 12(b)(1) will be DENIED.

**ORD ON MTN**
**TO DISMISS - 4**

The clerk is directed to provide copies of this order to all counsel of record.

Dated: January __3__, 2007

*/s/ Marsha J. Pechman*
Marsha J. Pechman
U.S. District Judge