UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICE PERRY,

           Plaintiff(s),

  v.

UNITED STATES OF AMERICA,[1]

           Defendant(s).

CASE NO. C06-1102P

ORDER DENYING UNITED STATES' MOTION TO DISMISS

The above-entitled Court, having received and reviewed:

1. United States' Motion to Dismiss (Fed. R. Civ. P. 12(h)(3))

2. Plaintiff's Response in Opposition to Defendant's Motion to Dismiss

3. United States' Reply re: Motion to Dismiss

and all exhibits and declarations attached thereto, makes the following ruling:

IT IS HEREBY ORDERED that the motion is DENIED.

**Background**

On December 29, 2003, Plaintiff's vehicle was rear-ended by a U.S. Postal Service ("USPS"). Five months later, Plaintiff's insurer, Farmers Insurance Company ("Farmers"), notified the USPS of its right

---

[1] Although Plaintiff names the United States and the United States Postal Service ("USPS") as defendants in her complaint, the USPS (as an agency of the United States of America) cannot be sued under its own name. 28 U.S.C. § 2679(a). "[A]ny civil action or proceeding commenced upon such a claim in a United States district court shall be deemed an action against the United States under the provisions of this title...and the United States shall be substituted as party defendant."

ORDER ON MTN
TO DISMISS - 1

to recover amounts which it had paid out for Plaintiff's treatment. The Government responded by informing Farmers that it must file a SF 95 claim form.

By May 12, 2004, Farmers had submitted the SF 95 claim form. On June 1, 2004, the USPS responded, indicating that the claim as filed was invalid because it failed to specify a sum certain and had not been signed. Although Farmers did not submit a copy of the corrected claim form, they did attach a confirmation from the USPS dated October 12, 2004 which acknowledged receipt of the claim.

On December 7, 2004, a representative of Farmers faxed a message to the USPS, advising them that "we are not going to pursue the claim that I opened for our insured Patrice Perry with the US Postal Service. Mr. Johanson, our insured's attorney, is going to represent Farmers interest on the property damage and Pip that we paid out for Patrice Perry." There is no indication that the USPS either responded to this communication or made any final disposition regarding the SF 95 claim form which it acknowledged receiving in October 2004.

On April 4, 2006, Plaintiff submitted a letter with a subject heading "FOR SETTLEMENT PURPOSES ONLY" to the USPS requesting reimbursement for her medical expenses and other costs associated with the 2004 accident. The USPS responded in May 2006 with a "denial of claim" letter, which stated that Plaintiff's claim could not be considered because it was untimely. Plaintiff's attorney requested (by letter dated May 8, 2006) a reconsideration of that denial, which the government agency also rejected. This lawsuit followed.

On January 3, 2007, this Court issued an order denying the Government's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). See Slip Copy, 2007 WL 27056 (W.D. Wash). The Court determined that Plaintiff and Farmers submitted a joint administrative claim (SF 95 claim form) to the USPS, which satisfied the requirements of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. Id. at 3. The Court found the claim filed by Farmers, as well as the fax sent by Farmers to the USPS in December 2004, was sufficient to put the Government on notice that Farmers and Plaintiff were filing jointly. Id. at 2.

Since the denial of the Government's motion to dismiss, the parties have engaged in discovery. The Government deposed Farmers and now asserts, without dispute, that Farmers did not intend to represent the Plaintiff's personal injury claim when it submitted the SF 95 claim form to the USPS. Def.'s Mot., Exh. A; Pltf. Response at 15. Because Farmers did not intend to file a joint claim on behalf of the Plaintiff, the Government argues again that the claim filed by Farmers was not a joint claim, and moves to dismiss Plaintiff's claim. The Plaintiff argues that the subjective intent of the filer is irrelevant, and only sufficient notice to investigate a claim and its worth is necessary for purposes of satisfying the FTCA presentment requirement.

**Discussion**

The FTCA is a limited waiver of sovereign immunity. A prerequisite for filing a tort claim pursuant to the statute is the presentment, within two years of accrual, of an administrative claim to the agency. 28 U.S.C. § 2401(b). This is a non-waivable condition on the government's waiver of immunity and upon the jurisdiction of this Court. U.S. v. Kubrick, 444 U.S. 111, 117 (1979); McGraw v. U.S., 281 F.3d 997, 1001 (9th Cir. 2002), opinion amended and rehearing denied, 298 F.3d 754 (9th Cir. 2002). The requirements of presentment under 28 U.S.C. § 2675(a) are that the plaintiff provide the Federal agency with (1) notice of his or her claim sufficient to enable the agency to investigate, and (2) a sum certain for the claim. Blair v. Internal Revenue Serivce, 304 F.3d 861, 864 (9th Cir. 2002).

The FTCA also permits the filing of joint claims: "A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly." 28 C.F.R. § 14.3(d).

The parties disagree whether the Court made a finding that the administrative claim filed by Farmers was a joint claim, and if the Government's second motion to dismiss is properly before the Court.

**I.      Whether Farmers Filed A Joint Claim Is Properly Before The Court**

The Government asserts that this Court determined in its January 3, 2007 ruling that the claim submitted by Farmers "could have been" submitted by Farmers as a joint claim and Farmers "could have"

ORDER ON MTN
TO DISMISS - 3

intended to assert two distinct claims. Def.'s Mot. at 2. The Government also asserts that the Court construed the SF 95 claim form submitted by Farmers as "possibly" a claim for Farmers and a direct claim for the Plaintiff. But the terms "could have been," "could have," or "possibly" do not appear in the order, and the Court's order states that the claim filed by Farmers was a joint claim.

Even so, Fed. R. Civ. P. 12(h)(3) provides that parties can *always* object to the court's lack of subject matter jurisdiction: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Subject matter jurisdiction is never waived, and may be raised by either party or the court at any time. Attorneys Trust v. Videotape Computer Products, Inc., 93 F.3d 593, 594-595 (9th Cir. 1996). Additionally, the Government's prior motion to dismiss was filed under Fed. R. Civ. P. 12(b); the Court considered only those factual allegations in the complaint and attached declarations it had at the time as the basis for its decision. If there is new evidence that may affect whether jurisdiction exists, the Court can and should consider it.

Plaintiff's argument that this motion should be denied as identical to the Government's first motion to dismiss is valid insofar as the Government merely repeats its earlier Shelton argument. *See* Shelton v. U.S., 615 F.2d 713 (6th Cir. 1980). In Shelton, the Sixth Circuit dismissed an insured's personal injury claim against the USPS because the insured failed to meet the sum certain prerequisite when only the insured filed a claim seeking reimbursement and made no reference to the amount of damages Shelton intended to seek for himself. Id. at 716. The insured or his attorney failed to indicate "*any sum* sought for damages." (Id. at 714) (emphasis added). Similar to their first motion, the Government argues that as in Shelton, here, there is nothing in Farmer's claim that "remotely" identifies a joint claim between Farmers and its insured. This Court disagrees. Not only is Shelton non-binding upon this Court, but it is distinguishable on the facts of this case as well.

Unlike Shelton, in which the insurer made no reference to the amount of damages of the insured, here, Farmers made reference to Plaintiff's $500 deductible under "property damages," which the Court assumes is payable not to Farmers but to Plaintiff. Neither party provided a copy of the corrected claim

ORDER ON MTN
TO DISMISS - 4

form, which the USPS acknowledge receiving on October 12, 2004, and there is nothing to indicate that Farmers paid Plaintiff's deductible. There is also nothing to indicate that Farmers withdrew the $500 deductible request on the corrected claim form; thus, the SF 95 claim form is not limited to a request for reimbursement on behalf of Farmers, but includes "a sum certain" for property damages incurred by the Plaintiff, even if only a deductible.[2]

Additionally, unlike Shelton, which makes no mention of whether the insured or his attorney were listed on the claim, here, Plaintiff's name and address, as well as the fact that she was represented by an attorney, was provided by Farmers on the SF 95 claim form. Indeed, in Box 2 where it requests the name and address of the claimant's personal representative, Farmers refers to Box 10 where Plaintiff's attorney's name and address was provided. Moreover, Farmers told the USPS in its December 2004 fax, within the statutory period, that Plaintiff's attorney would handle their interest. It goes against logic to assume that Plaintiff's attorney intended only to represent Farmer's interest and not his own client. As previously determined by the Court, the Government had sufficient information to put it on notice that a joint claim had been filed.

However, the Government has raised a new issue (subjective filer's intent), and based on that new issue, their motion is properly before the Court.

## II.  Intention Of The Filer Not Relevant For Purposes Of FTCA

The Government argues that because Farmers never intended to represent Plaintiff's personal injury claim when Farmers filed the SF 95 claim form, the claim was not a joint claim. (Def.'s Mot. at 17.) In support of its position, the Government offers statements by Shannon Coe, a senior subrogation claims representative at Farmers, in which she states she was never instructed to represent Plaintiff's interests and did not intend to represent Plaintiff's interest when she submitted the SF 95 claim form. Def.'s Mot., Exh.

---

[2] The FTCA, however, provides that a plaintiff cannot institute a lawsuit for "any sum in excess of the amount of the claim presented to the federal agency" unless there is newly discovered evidence not reasonably discoverable at the time of presenting the claim or an intervening fact regarding the injury. 28 U.S.C. § 2675(b). Neither party has raised this issue and, at this point, it remains an unresolved issue as to whether the FTCA will permit the Plaintiff to sue for damages in excess of what was requested on the SF 95 claim form.

ORDER ON MTN
TO DISMISS - 5

1  A. However, the Government failed to provide any legal authority that intent is relevant when determining
2  whether the presentment requirement has been met. Instead the Government argues only that Plaintiff
3  failed to provide any legal authority of the opposite (that intent is irrelevant), and that Plaintiff's reliance
4  on State Farm Mutual Automobile Insurance Company v. U.S., 326 F. Supp. 2d 407 (E.D.N.Y. 2004) is
5  misplaced.  Although State Farm did not specifically address the subjective intent of a filer, neither did the
6  court mention intent as a requirement of a valid claim. This provides some minimal support for Plaintiff's
7  position whereas the Government provided no legal authority to support its position.          There is no case
8  law that specifically indicates whether the intent of a filer is relevant for the purposes of satisfying the
9  FTCA; however, courts have held that the subjective intent of a filer is irrelevant when determining
10 whether filing requirements were met under other analogous statutes.  For example, the United States
11 Court of Federal Claims held that the subjective intent of the filer is not controlling for a document to
12 qualify as a "status protest" for purposes of the Tucker Act, 28 U.S.C. § 1491(b)(1).  Mark Dunning
13 Industries, Inc. v. U.S., 58 Fed. Cl. 216 (2003).  In Dunning, the plaintiff and another company competed
14 for a contract from the Army to collect trash. The Army gave the contract to the other company and the
15 plaintiff faxed a document to the contracting officer to protest the Army's decision. Id. at 217-220.  To
16 file a status protest, "[a]n interested party other than a contracting officer...must submit its written protest
17 to the contracting officer" and "state all specific grounds for the protest."  13 C.F.R. § 126.801(b) and
18 (c)(1). The Government argued that, even if the fax was sufficient to be considered a status protest, the
19 Plaintiff should not be allowed to argue so because the Plaintiff did not intend for the fax to be a protest.
20 Id. at 222. To support its argument, the Government pointed to several incidents in which the Plaintiff
21 expressed that "it did not intend the fax to be a status protest and that it did not believe that it ever filed
22 a valid status report." Id. The court rejected the Government's argument that intent is necessary and noted
23 that the Government neglected to provide any authority to support its position. Id. at 223.
24     Similarly, the United States Court of Appeals for the Eighth Circuit held that the filer's subjective
25 intent is irrelevant when deciding whether a tax document qualifies as a "return" within the meaning of the
26

ORDER ON MTN
TO DISMISS - 6

tax laws. In re Colsen, 446 F.3d 836 (8th Cir. 2006). In Colsen, the court rejected using subjective intent for two reasons. First, no persuasive reason was offered to create a more subjective definition of "return" that is dependent on the facts and circumstances of a taxpayer's filing. Id. at 840. Second, to use a more subjective intent would increase the difficulty of administration and introduce an inconsistency into the terminology of the tax laws. Id.

Although Dunning and Colsen do not concern the FTCA, the analysis is similar and the logic is persuasive. Similar to Dunning and Colsen, here, the SF 95 claim form was sufficient to put the USPS on notice that a joint claim had been filed, and the Government did not provide any persuasive reasoning to make the requirements of a valid "joint claim" more subjective. To adopt the Government's position would be to introduce inconsistency in the processing of claims: two claims with the same information would be treated differently simply because of the filer's subjective intent. This inconsistency goes against the spirit and purpose of the statute.

The purpose of the FTCA is to "ease court congestion and avoid unnecessary litigation, while making it possible for the government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. No 1327, 89 Cong., 2d Sess (1966), US Code Cong. & Admin.News, p.2516. Specifically, the FTCA is to provide "more fair and equitable treatment of private individuals and claimants when they deal with the government or are involved in litigation with the government." H.R. Rep. No. 1532, at 5; S. Rep. No. 1327, at 2, reprinted in 1966 U.S.C.C.A.N., at 2515- 16. It "was never intended as a trap for the unwary claimant." Nicholson Air Service, Inc. v. U.S., 686 F. Supp. 538, 539 (D.Md., 1988). To impose an additional requirement of the filer's subjective intent in determining the status of a claim, as the Government advocates, would do just that. The unwary claimant will become trapped because it is only when the filer decides to disclose its subjective intent that the claimant will know if the claim is joint or individual. Indeed, neither 28 C.F.R. § 14.3(d) nor the SF 95 claim form require the filer to disclose an intent that the claim is being filed as a joint claim. The information on the SF 95 claim form

ORDER ON MTN
TO DISMISS - 7

on its face is sufficient to find that Farmers filed a joint claim, even if Farmers did not subjectively intend to.

Consistent with the language and purpose of the statute, the FTCA does not take into account subjective intent of the party filing the claim when determining whether an administrative claim is valid. The purpose and presentation requirements of the FTCA require only that the government be provided with minimal notice sufficient to allow the government to conduct its own inquiry. The USPS had sufficient notice to allow an investigation and estimation of the claim's worth. The Plaintiff met the presentation requirements of the FTCA. Defendant's motion to dismiss will be DENIED.

DATED: September 21, 2007.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

1.

ORDER ON MTN
TO DISMISS - 8